Rockingham
No. 7601

ERNEST G. WOODSIDE, JR. & *a.*

v.

SELECTMEN OF THE TOWN OF DERRY

October 15, 1976

*Grinnell & Bureau (Mr. George H. Grinnell* orally) for the plaintiffs.

*Soule, Leslie & Bronstein (Mr. Lewis Soule* orally) for the defendants.

PER CURIAM. This is a bill in equity seeking to require the selectmen of Derry to insert in the warrant for the biennial town meeting an article to provide for the election of the planning

board members under the provisions of RSA 36:4 (Supp. 1975). The question of law raised by the petition was transferred without ruling by *Loughlin,* J.

RSA 36:4 II (b) (Supp. 1975) provides as follows: "The town, by majority vote at the town meeting, may decide to elect the members of the planning board. If such a procedure is adopted at the town meeting, the planning board members shall be elected at the next regular town meeting in the following manner: . . . ."

RSA 39:3 (Supp. 1975) provides in relevant part as follows: "Upon the written application of ten or more voters or one-sixth of the voters in town, presented to the selectmen or one of them at least thirty-five days before the day prescribed for an annual or biennial meeting, the selectmen shall insert in their warrant for such meeting the petitioned article with only such minor textual changes as may be required . . . ."

A petition was filed with the selectmen on September 13, 1976, more than thirty-five days before the biennial meeting to be held on November 2, 1976, signed by more than the required number of voters requesting that the following article be inserted in the warrant: "To see if the Town will vote, in accordance with RSA 36:4-II (b), to elect a 7 member Planning Board; 2 members for a 1 year term; 2 members for a 2 year term; and 2 members for a 3 year term; the 7th member to be a Selectman appointed by the Selectmen, and pass any vote relating thereto." The board of selectmen on September 13, 1976, voted not to insert the article in the warrant.

Defendants argue that under RSA 39:9, *Moulton v. Beals,* 98 N.H. 461, 102 A.2d 489 (1954) and *Preston v. Gillam,* 104 N.H. 279, 184 A.2d 462 (1962) establish that they have discretion whether or not to insert an article and that their decision cannot be overturned except for unreasonable neglect or refusal. However, both the above cited cases were concerned with the warning of a special town meeting and not with the insertion of an article in the warrant for an annual or biennial meeting.

Moreover, the legislature has made changes since *Preston v. Gillam,* 104 N.H. 279, 184 A.2d 462 (1962), was decided which militate against the position of the defendants. In 1971, RSA 39:3 was amended by adding the sentence: "The right to have an article inserted in the warrant conferred by this section shall not be invalidated by the provisions of RSA 32." Laws 1971, 79:1. This indicates that the legislature views the insertion of an article under RSA 39:3 (Supp. 1975) as a "right". Also in 1975, the sec-

tion was amended to require the article applied for to be inserted "with only such minor textual changes as may be required." Laws 1975, 160:1.

In 1971, a new section 3-b was added which provides that: "If the board of selectmen shall refuse to insert an article in the warrant, after being petitioned to do so in accordance with the provisions of RSA 39:3, such refusal shall be deemed to be a wilful neglect of duty, and subject the board to the penalty provided in RSA 587:31." RSA 39:3-b (Supp. 1975).

We are of the opinion that these changes indicate a clear legislative intent that the selectmen have no discretion whether to insert an article in a warrant in compliance with RSA 39:3 (Supp. 1975).

Defendants argue that the use of the words "at *the* town meeting" (emphasis added) in RSA 36:4 II (b) (Supp. 1975) indicates an intention that the vote to elect the members of the planning board should occur only at an annual town meeting. We cannot attach such a significance to the word "the" in view of the other provisions of the statutes previously discussed. Nor are we persuaded by the argument that RSA 39:2-a (Supp. 1975) prevents the article from being placed on the ballot. That section deals only with annual meetings and does not apply to the biennial meeting.

We hold, therefore, that the selectmen are required to insert in the warrant for the biennial town meeting to be held November 2, 1976, the article contained in the petition.

*Remanded.*

KENISON, C.J., concurred in the result.